NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-34

BRIAN SWEET

vs.

MASSACHUSETTS CIVIL SERVICE COMMISSION & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a judgment of the Superior Court upholding a 2017 amended decision (2017 decision) of the Civil Service Commission (commission) to rescind the relief granted in an earlier 2013 decision.  The commission's 2013 decision had modified the penalty imposed by the Massachusetts Department of State Police (MSP) against the plaintiff from a dishonorable discharge to a sixty-day suspension.  The 2017 decision rescinded the 2013 decision and dismissed the plaintiff's appeal nunc pro tunc, the effect of which was to reimpose the original penalty of discharge imposed by the MSP.  On appeal, the plaintiff claims that the judge erred in denying his motion for

_____

[1] Massachusetts Department of State Police.

judgment on the pleadings and allowing the defendants' cross motion because (1) the commission abused its discretion in reopening the 2013 decision; (2) G. L. c. 31, § 43, mandates reversal of the MSP's disciplinary action in the absence of a finding of just cause for the plaintiff's termination; and (3) the commission deprived the plaintiff of his right to due process by providing insufficient notice in connection with the reopening of the 2013 decision.[2]  We affirm.

Discussion.  1.  The reopening of the 2013 decision.  The plaintiff claims the commission abused its discretion in reopening its 2013 decision.[3]  Specifically, the plaintiff, citing Soe v. Sex Offender Registry Bd., 466 Mass. 381, 396 (2013), contends that the commission failed to consider whether the 2013 decision "substantially relied on [evidence] . . .

_____

[2] The plaintiff also claims that the judge erred in denying his petition for reinstatement as moot.  Because we conclude that the commission did not abuse its discretion in reopening its 2013 decision, and was not required under G. L. c. 31, § 43, to reverse the disciplinary action imposed by the MSP, we need not address the issue of mootness.  Likewise, we need not address the plaintiff's argument that the judge improperly considered materials outside the administrative record in her mootness inquiry.

[3] The plaintiff's brief often directs its arguments toward the rulings of the Superior Court judge.  However, our review of the commission's decision is de novo.  See Merriam v. Demoulas Super Mkts., Inc., 464 Mass. 721, 726 (2013), citing Wheatley v. Massachusetts Insurers Insolvency Fund, 456 Mass. 594, 600 (2010) ("We review de novo a judge's order allowing a motion for judgment on the pleadings under Mass. R. Civ. P. 12 [c], 365 Mass. 754 [1974]").  Accordingly, we direct our analysis to a review of the decision of the commission.

subsequently demonstrated to be false, inaccurate, or utterly unreliable."  We disagree.

"An administrative agency, in the absence of statutory limitations, generally has the inherent authority to reconsider a decision or reopen a proceeding to prevent or mitigate a miscarriage of justice."  Soe, 466 Mass. at 395.  Contrary to the plaintiff's interpretation of Soe, the Supreme Judicial Court has clarified that, "[i]n Soe, we noted that a miscarriage of justice may occur for many reasons, including when the board substantially relies on evidence that was later demonstrated to be false."  Doe, Sex Offender Registry Bd. No. 209081 v. Sex Offender Registry Bd., 478 Mass. 454, 457 n.7 (2017).  In other words, an agency's reliance on false, inaccurate, or utterly unreliable information is sufficient to justify the reopening of a closed decision, but is not necessary.  See id.  While an agency's inherent authority to reopen closed proceedings "must be sparingly used," id. at 457-458, quoting Soe, supra at 395, and "the mere availability of additional evidence is insufficient for its use" (citation and quotation omitted), Soe, supra at 395, it may be used "in compelling situations as justice may require."  Covell v. Department of Social Servs., 42 Mass. App. Ct. 427, 433 (1997).

An agency's exercise of this authority is "reviewable only for an abuse of discretion."[4]  Soe, 466 Mass. at 396.  "When reviewing an agency's decision for abuse of discretion, we look to see whether the decision was reasonable."  Doe, Sex Offender Registry Bd. No. 209081, 478 Mass. at 457.

At the time of the 2013 decision, the administrative record included a letter dated October 28, 2010, from Colonel McGovern of the MSP to the plaintiff, informing the plaintiff of the Colonel's decision, pursuant to G. L. c. 140, § 131 (f), to revoke the plaintiff's firearms license (LTC).  However, the record did not include information regarding the amount of time that the plaintiff would remain ineligible to obtain an LTC (e.g., the expiration date of the revoked LTC).  The commission therefore did not merely apply "fresh judgment or an altered substantive policy to an otherwise closed proceeding."  Aronson v. Brookline Rent Control Bd., 19 Mass. App. Ct. 700, 704-705 (1985).  In light of the greater-than-three-year period in which the plaintiff became ineligible to obtain an LTC, the holding of

_____

[4] Here, the plaintiff claims that the abuse of discretion analysis must be particularly "exacting," as the commission, at the time of its reopening of the 2013 decision, was engaged in ongoing litigation against the plaintiff.  In support of his position, the plaintiff cites Stowe v. Bologna, 32 Mass. App. Ct. 612, 616 (1992), S. C. 415 Mass, 20 (1993).  However, the cited text supports only the general proposition that an administrative agency's inherent authority to reopen a decision should be used sparingly, so as to promote finality and reliability.  See id.

4

which is required of State troopers under the Department of State Police Rules & Regulations, and the return to service requirements following a separation from service exceeding three years, the commission acted reasonably, and did not abuse its discretion, in determining that the 2013 decision's apparent contravention of the aforementioned rules amounted to a compelling circumstance that justified its reopening.  See Covell, 42 Mass. App. Ct. at 433.

2.  Just cause for disciplinary action.  The plaintiff next claims that the commission's 2017 decision was erroneous because G. L. c. 31, § 43, as interpreted in Brookline v. Alston, 487 Mass. 278, 306 (2021), mandates reversal of the MSP's disciplinary action against the plaintiff in the absence of a finding, within the 2013 decision, of just cause for the plaintiff's termination.[5]  We disagree.

---

[5] In relevant part, § 43 states, "If the commission by a preponderance of the evidence determines that there was just cause for an action taken against such person it shall affirm the action of the appointing authority, otherwise it shall reverse such action and the person concerned shall be returned to his position without loss of compensation or other rights; provided, however, if the employee, by a preponderance of evidence, establishes that said action was based upon harmful error in the application of the appointing authority's procedure, an error of law, or upon any factor or conduct on the part of the employee not reasonably related to the fitness of the employee to perform in his position, said action shall not be sustained and the person shall be returned to his position without loss of compensation or other rights.  The commission may also modify any penalty imposed by the appointing authority."  G. L. c. 31, § 43.

Contrary to the plaintiff's contention, and as the Superior Court judge correctly reasoned, § 43 does not require a finding of just cause for the specific penalty imposed by the appointing authority, but rather for disciplinary action to be taken.  See Police Comm'r of Boston v. Civil Serv. Comm'n, 39 Mass. App. Ct. 594, 599 (1995).  The commission, in its 2013 decision, did not find that just cause was lacking for disciplinary action; it merely exercised its discretionary authority under § 43 to modify the penalty imposed.[6]  We agree with the judge's conclusion that the 2017 decision to rescind the modified penalty did not result in a violation of § 43.

3.  Due process.  Finally, the plaintiff claims that the commission's 2017 decision deprived him of his right to due process.  Specifically, the plaintiff contends (1) that he had a "protected property right in continued public employment absent termination for just cause," and (2) because the 2017 order to

_____

[6] The plaintiff cites to two statements in the 2013 decision in support of his position that such decision found an absence of "just cause" under § 43:  (1) "The Massachusetts State Police did not establish just cause to terminate Tpr. Sweet," and (2) "[the evidence] cannot justify [Tpr. Sweet's] dishonorable discharge."  However, these statements do not use the terms "just cause" and "justify" in the statutory sense.  As discussed, supra, § 43 mandates the reversal of an appointing authority's disciplinary action when just cause is lacking for disciplinary action; the inquiry is not penalty specific.  See Police Comm'r of Boston, 39 Mass. App. Ct. at 599.  Accordingly, the statements above, which specifically address the plaintiff's termination, do not trigger § 43.

6

show cause did not "mention [the plaintiff's] disciplinary, legal, or other history as a basis on which the [c]omission might rescind the earlier-granted relief," the plaintiff was not given proper notice of the agency's action, nor an opportunity to be heard on the above issues.

The factual premise underlying the plaintiff's argument is inaccurate. Contrary to the plaintiff's claim, the 2017 decision did not rest on this purported "'second' real reason for reopening the case." In reaching its 2017 decision, the commission reasoned that the plaintiff's "[LTC] ineligibility coupled with his involuntary separation from employment rendered [the plaintiff] incapable of performing the essential functions of his former State Trooper position for a length of time (exceeding three years) that precludes unfettered reinstatement." As the 2017 decision was based solely on the duration of the plaintiff's ineligibility to perform an essential job function, and not on his "disciplinary, legal, or other history,"[7] the absence of information regarding the latter in the 2017 order to show cause has no bearing on such order's

---

[7] Notably, the plaintiff's contention that "this was a major basis on which the [c]omission actually justified . . . its decision," lacks an accompanying record citation.

7

fulfillment of the commission's procedural due process obligations.

Judgment affirmed.

By the Court (Meade, Desmond & D'Angelo, JJ.[8]),

*Paul Little*

Clerk

Entered:  March 7, 2025.

---

[8] The panelists are listed in order of seniority.